UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES R. HEARNS, JR.                    :        Case No. C-1-02-496
                                        :
           Plaintiff,                   :        (J. Dlott)
                                        :
    vs.                                 :
                                        :
JEFF WYLER FAIRFIELD, INC., et al.,     :
                                        :
           Defendants.                  :
                                        :

---

## PLAINTIFF JAMES HEARNS' MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS
### (Certification of Attorney Bryan Perkins attached)

---

Now comes the Plaintiff, James Hearns, Jr., by and through his undersigned counsel, and pursuant to Fed. Civ. R. 37, hereby moves this Honorable Court for an Order compelling Defendant, Jeff Wyler Fairfield, Inc., to respond to the outstanding discovery requested by him. Further, Plaintiff requests that this Honorable Court impose sanctions for Defendant's failure to provide discovery, including, but not limited to, reasonable attorney's fees. (See Memorandum attached hereto)

1

Respectfully Submitted,

/s/ Bryan R. Perkins

_____

BRYAN R. PERKINS (0061871)
Attorney for Plaintiff
119 East Court Street
Suite 314
Cincinnati, Ohio 45202
(513) 632-5335


## MEMORANDUM OF LAW

### A.    Procedural Posture

On July 8, 2002, Plaintiff, James Hearns, Jr. ("Hearns"), filed the instant action.   On or about January 30, 2003, Hearns served his First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions, upon Defendant, Jeff Wyler Fairfield, Inc. ("Wyler").  (See Exhibit A, attached hereto).  On or about April 23, 2003, Wyler responded with incomplete answers.   (Exhibit A)   Of the twenty-six (26) interrogatory questions presented to Wyler, twenty-one (21) of them were answered "we will supplement."   (Exhibit A)

On June 23, 2004, Hearns sent a letter to Wyler attempting to extra judicially resolve the outstanding discovery issues.  (See Exhibit B, attached

2

hereto).  Hearns requested complete discovery responses within 30 days of the letter.  Hearns indicated that if the discovery responses were not provided, he would have "no choice but to file a Motion to Compel with the trial court." (Exhibit B)   As of the date of the filing of this motion, Wyler still has not provided the requested discovery. Wyler has completely ignored Hearns' outstanding interrogatories.

## B.   **Legal Argument**

Fed. R. Civ. P. 37 permits a party, upon reasonable notice to the other parties, "apply for an order compelling disclosure or discovery. . . " Clearly, Hearns has made reasonable efforts to obtain the needed discovery, and is entitled to an Order from the Court compelling Wyler to respond to the requested discovery. Further, the rules provide that if the motion is granted, or if the discovery is provided after the motion was filed, the court shall require the party who conduct necessitated the motion to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(A)(4).

In the case at bar, Hearns' First Set of Interrogatories have gone unanswered for well over a year.  These interrogatories are crucial as they are necessary for Hearns' to prepare his case for trial.  Further, the answers are

3

needed to determine what depositions will need to be taken. Hearns cannot even come close to completing discovery until these preliminary interrogatories are answered.

Hearns has made reasonable efforts to resolve this issue before resorting the this Court for an Order compelling Wyler to respond. (See Exhibit C, Affidavit of Bryan R. Perkins)

**C.    <u>Conclusion</u>**

For the foregoing reasons, Hearns moves this Honorable Court for an Order compelling Wyler to fully respond to all outstanding discovery requests. Further, Hearns requests this Court impose sanctions against Wyler, including, but not limited to, reasonable attorney's fees.

Respectfully Submitted,

/s/ Bryan R. Perkins

---
BRYAN R. PERKINS (0061871)
Attorney for Plaintiff
119 East Court Street
Suite 314
Cincinnati, Ohio 45202
(513) 632-5335

4

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing Motion to Compel was served upon Donald W. White, Esq., Nichols, Speidel & Nichols, 237 Main Street, Batavia, Ohio 45103, by ordinary U.S. mail on this 12th day of August, 2004.

/s/ Bryan R. Perkins

_____

Bryan R. Perkins
Attorney at Law

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES R. HEARNS, JR. | : | Case No. C-1-02-496 |
| | : | |
| Plaintiff, | : | (J. Dlott) |
| | : | |
| vs. | : | |
| | : | |
| JEFF WYLER FAIRFIELD | : | |
| INC., et. al., | : | COPY |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

---

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR
PRODUCTION OF DOCUMENTS, AND REQUEST FOR ADMISSIONS,
DIRECTED TO DEFENDANT JEFF WYLER FAIRFIELD, INC.**

---

Pursuant to Fed. R. Civ. P. 33, 34 and 36, and in accordance with the

instructions and definitions set forth herein, Plaintiff James Hearns submits the

following Interrogatories, Requests for Production of Documents and Requests for

Admissions to Defendant Jeff Wyler Fairfield, Inc. to be answered separately and

fully in writing and under oath.  Defendant Jeff Wyler Fairfield, Inc. shall answer

1

these Interrogatories, Requests for Production of Documents and Requests for

Admissions no later than twenty-eight (28) days after service  Be advised that

failure to respond to these Interrogatories, Requests for Production of Documents

and Requests for Admissions may result in a motion to dismiss or, in the

alternative, to compel, and for sanctions, including attorney's fees and costs.  Be

further advised that these Interrogatories, Requests for Production of Documents,

and Requests for Admissions are hereby presented to be continuing in nature and

subject to the duty to supplement pursuant to Ohio R. Civ. P. 26.

I.    <u>DEFINITIONS</u>

As used in these Interrogatories, Document requests and Requests for

Admissions, the following definitions shall apply:

1.    The term Hearns as used herein, refers to Plaintiff James Hearns.

2.    The term Jeff Wyler Fairfield, Inc. or company as used herein, refers

to Defendant Jeff Wyler Fairfield, Inc., its attorneys, employees, investigators,

consultants, representative, agents and/or other persons or entities acting on and/or

on its behalf.

3.    The terms "person" or "persons" means and includes natural persons,

corporations, partnership, associations, joint ventures, proprietorships and any other

incorporated or unincorporated business, social or governmental entities.

a.    When referring to a natural person, the terms "identify" and "identity" means to state the person's: (I) full name; (ii) title; (iii) present or last known residence or business address; (iv) present or last known address business affiliation; (v) present or last known residence or business telephone number; (vi) present or last known residence or business Internet address; and (vii) title and relationship to Jeff Wyler Fairfield, Inc. at the time of the referred to events.

b.    When referring to a person other than a natural person, the terms "identify" and "identity" mean to state: (I) the name under which the entity conducts business; (ii) the address and telephone number of the entity's present or last known principal place of business; (iii) the form of the entity (e.g. corporation, partnership, proprietorship); and (iv) all natural persons affiliated with the entity having personal knowledge of the referred t matters.

c.    When referring to a document, the terms "identify" and "identity" mean to state: (I) the type of document (e.g. letter, telegram); (ii) the contents of the documents; (iii) the date and title (if any) of the document; (iv) the length of the document (in pages); (v) the present location of the original and each copy of the document; and

3

(vii) the identity of each author, addressee, and recipient of the original and each copy of the document.

d.     When referring to conduct, the terms "identify" and "identity" mean to state:   (I) the specific act(s) comprising such conduct; (ii) the date and location of the act(s); (iii) the identity of each person known to have witnessed or participated in the act(s); and (iv) the identity of each document concerning the act(s).

e.     When referring to an oral communication, the terms "identify" and "identity" mean to state: (I) the best recollection of the precise words spoken; (ii) the subject matter of the oral communication; (iii) the date and location of the oral communication; (iv) the identity of the parties present at and/or participating in the oral communication; (v) the means of communication (e.g. face-to-face, telephone); and (vi) the identity of any documents concerning the oral communication.

4.     The terms "document" or "document, data compilation, and/or tangible thing," as used herein (whether or not used in the singular or plural) refers to all original writings of any kind, including handwritten, typewritten, printed, recorded, computer generated, or graphic matters, however produced or reproduced, and all non-duplicative copies thereof, whether by reason of

4

notation, interlineation or otherwise. The terms include all matters that relate

in whole or in part to the subject matter of the Document Request. If a

document, data compilation and/or tangible thing has been prepared and

several copies or additional copies have been made and copies are not

identical or are no longer identical which, by reason or subsequent

modification of the copy by the addition of notations or other modification,

each non-identical copy constitutes a separate "document, data compilation

and/or tangible things" and must be treated as such. The terms also include,

without limitation, correspondence, personal and interoffice memoranda,

notes, desk calendars, diaries, letters, telegrams, contracts, reports, checks,

statements, receipts, summaries, books, intra-office and inter-office

communications, notations and memoranda of any sort of conversations,

telephone calls, meetings, or other communications, printed matter, computer

printouts, computer disks, accounting records, worksheets, work papers,

audio tapes, and all drafts, alterations, modifications, changes and

amendments of any of the foregoing,

5.    The term "correspondence" as used herein includes, without limitation,

all documents that were transmitted, delivered, given, sent, shown, conveyed

or described by and person or persons to another person or persons regardless

of the method by which it was transmitted, delivered, sent, shown, conveyed or described and regardless of whether such document was retained by the recipient(s)at any time.

6.    The phrases "refer to and/or related to" or "referring to and/or relating to" as used herein are used in the broadest sense and mean, without limitation, the following: with respect to, referring to, concerning, purporting, mentioning, noting, identifying, distinguishing, embodying, establishing, evidencing, comprising, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, presenting, constituting, exemplifying, dealing with, having to do with, or pertaining to.

II.    <u>INSTRUCTION FOR INTERROGATORIES</u>

1.    In answering these Interrogatories, please furnish all information available to Jeff Wyler Fairfield, Inc. and/or its agents, attorneys, advisors, employees, representatives, subsidiaries, or subject to Jeff Wyler Fairfield, Inc's reasonable inquiry, including information in the possession of Jeff Wyler Fairfield, Inc.'s attorneys, accountants, advisors, or other persons directly or indirectly employed by or connected with Jeff Wyler Fairfield, Inc. or Jeff Wyler Fairfield, Inc.'s attorneys, and anyone else otherwise subject to Jeff Wyler Fairfield, Inc.'s control.

2.    In answering these Interrogatories, please make a diligent search of Jeff Wyler Fairfield, Inc.'s records and of other papers, materials, and other documents in Jeff Wyler Fairfield, Inc.'s possession, custody and/or control.

3.    If an interrogatory has subparts, please answer each part separately and in full and do not limit Jeff Wyler Fairfield, Inc.'s answer to the Interrogatory as a whole.

4.    If an Interrogatory cannot be answered in full, please: (I) answer to the extent possible; (ii) specify the reason(s) for Jeff Wyler Fairfield, Inc.'s inability to answer the remainder; and (iii) state whatever information and knowledge Jeff Wyler Fairfield, Inc. has regarding the unanswered portion of the Interrogatory.

5.    With respect to each Interrogatory, in addition to supplying the information asked and identifying the specific documents referred to, please identify and describe all documents to which Jeff Wyler Fairfield, Inc referred in preparing its answers.

6.    As stated, these interrogatories are continuing in nature.

7.    For each document responsive to the Interrogatories that is withheld under a claim of privilege of work product doctrine, please provide a statement identifying: (I) each author; (ii) each addressee; (iii) each person to whom the document was sent; (iv) each custodian of the original and each copy of the

7

document as of the date of Jeff Wyler Fairfield, Inc.'s response to these Interrogatories; (v) the exact location of the original and each copy of the document as of the date of Jeff Wyler Fairfield, Inc.'s response to these Interrogatories; (vi) the title and date of the document; (vii) the number of pages in the document; (viii) the nature and subject matter of the document; (ix) the privilege or immunity claimed and the facts giving rise thereto; and (x) the specific numbered Interrogatory to which the document is responsive.

8.    If any communication requested herein is withheld under a claim of privilege or work product doctrine, please describe: (I) such communication or part thereof as to which a privilege or immunity is claimed; (ii) the subject matter of the communication; (iii) the privilege or immunity claimed and the facts giving rise thereto; (iv) the date and place of the communication; and (v) the participants in the communication.

9.    If an Interrogatory is objected to on any grounds other than privilege or work product doctrine, please state in detail the basis for the objection.

10.    If Jeff Wyler Fairfield, Inc. contends that a particular Interrogatory or a definition or an instruction applicable thereto is ambiguous, Jeff Wyler Fairfield, Inc's contention shall not provide a basis for refusing to respond.  Instead, Jeff Wyler Fairfield, Inc. shall set forth the allegedly ambiguous language and the

8

interpretation of that language that Jeff Wyler Fairfield, Inc. has adopted in responding to the Interrogatory at issue. Jeff Wyler Fairfield, Inc. shall then, in the utmost good faith, answer the Interrogatory at issue to the fullest extent possible.

11.    Any documents produced in response to these Interrogatories are to be organized and segregated according to the specific numbered Interrogatory to which the documents are primarily responsive. Cross-references to the extent necessary, should be made by Jeff Wyler Fairfield, Inc.

12.    The present tense shall include the past and future tenses; the past tense shall include the present and future tenses; and the future tense shall include the present and past tense.

13.    The use of the singular form of any word includes the plural and vice versa.

14.    The connectors "and" and "or" and "and/or" shall be construed both disjunctively and/or conjunctively as necessary to being the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## III.    INTERROGATORIES

1.    State the name, address, occupation, and relationship to Jeff Wyler Fairfield, Inc., of the person or persons preparing the answers to these Interrogatories.

```
Answer:  Steve Baxla, Human Resources Director
         829 Eastgate South Drive
         Cincinnati, OH  45245
```

2.    Please identify the name and address of each and every person and/or entity that has knowledge of any discoverable matter regarding this pending action.

```
Answer:  We are unable to answer this question at this time as we are
         still investigating plaintiff's claim.  Naturally, all named
         defendants have some knowledge.  We will supplement.
```

3.    Identify each non-expert witness who you will or may call to give testimony in the hearing or trial of this matter, and state the following:

a)    Name, business address, occupation and telephone number:

b)    The substance of the testimony to which he/she is expected to testify:

Answer:  Each defendant will testify to deny the plaintiff's allegations.
         We will supplement with additional witnesses.

4.    Identify each expert witness who you will or may call to give testimony in the hearing or trial of this matter, and state the following:

    a)    Name, address, occupation and telephone number:

    b)    The substance of the testimony to which he/she is expected to testify:

    c)    A summary of their qualifications:

    d)    Identify all reports received from the expert witness:

Answer:    None at this time.  We will supplement.  The court's scheduling order requires that you name your experts first.

5.    Please identify each and every document you intend to use as an exhibit or introduce at any hearing or trial in this matter.

Answer:  We have not yet assembled the documents.  We will supplement.

6.    Please identify each and every document relating to the employment of Hearns, including but not limited to his personnel file, personnel evaluations, reprimands, disciplinary action, commendations, and sales records from his entire period of employment.

Answer:    Resume; Employment Application (dated 6/11/96); Payroll Information Form; W-2 for 2001; Receipts of Policy Statemetns for 3/29/99, 10/7/98, 6/18/96, 11/3/99; Evaluations for 10/15/96, 10/97, 9/28/98 and 10/10/00; Disciplinary Reports for 10/29/98, 10/30/98, 5/29/99, 6/24/99, 9/25/99, 11/2/99, undated report regarding tape recording, 12/99, 8/2/00, 8/31/00, 12/1/00, 2/2/01, 2/26/02 6/1/01, 10/6/01; Letter regarding benefits:  11/1/01 and 12/5/01; Termination letter 5/2/02; Doctor's Excuses: 10/26/01, 11/16/01 and 12/5/01.  We will supplement.

13

7.    Please identify each and every document which is relevant to the subject matter involved in the pending action as it relates to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things.

    Answer:  Unable to answer at this time, we will supplement.

8.    Identify the name, position, pay scale, and length of employment of any African-American currently employed at Jeff Wyler Fairfield, Inc.

    Answer:  We will supplement.

9.    Identify the name, position, pay scale, and length of employment of any African-American that was previously employed at Jeff Wyler Fairfield, Inc. for the past 10 years, and also state reasons for termination of employment.

Answer:  We will supplement.

10.    Identify the company policy and all documents relating to the use of corporate vehicles by employees of Jeff Wyler Fairfield, Inc.   Identify all policies that were in place during Hearns' period of employment.

Answer:  We will supplement.

11.    Identify the company policy and all documents relating to attendance of employees at company meetings.  Identify all policies that were in place during Hearns' period of employment.

Answer:  We will supplement.

15

12.    Identify the company policy and all documents relating to the treatment of employees with physical disabilities.  Identify all policies that were in place during Hearns' period of employment.

Asnwer:  We will supplement.

13.    Identify the company policy on referring sales deals to employees by management employees, commonly referred to "flipped deals" or similar terms. Identify all policies that were in place during Hearns' period of employment.

Answer:  We will supplement.

14.    Identify and describe in detail your conduct and action taken towards Hearns after he filed a Worker's Compensation claim.

Answer:  We will supplement.

15.    Identify and describe how you dealt with Tony Gomez, Duncan Riddle and Cary Wallach after they made racist and/or racial statements and comments to Hearns.  Identify all documents relating to any disciplinary action taken.

Answer:  We will supplement.

17

16.    Identify any written witness statement, recorded witness statement, oral statement, summary of a witness's statement, that you, your attorney, insurers or investigators have in their possession.  Include in the response to this Interrogatory whether you, your attorney, agents, insurers, or investigators have interviewed or spoken with any of the defendants about the events in questions, and who did so, when, and where.

Answer:  Still assembling.  We will supplement.

17.    Please explain in detail why after Hearns filed an Equal Opportunity Commission Claim ("EEOC") his employment was terminated.

Answer:  We will supplement.

18.    Explain why Hearns was not allowed to park in premium parking spaces at the dealership; why his paychecks and bonus checks were withheld in a different manner than similarly situated while employees, and why he did not receive the recognition of other similarly situated while employees.

Answer:  We will supplement.

19.    Explain each and every reason for the termination of Hearns' employment.

Answer:  We will supplement.

20.    Identify all persons who took any role in the decision to terminate Hearns' employment and explain what each individuals role was in this decision.

```
Answer:  We will supplement.
```

21.    Identify the person who made the final decision to terminate Hearns' employment.

```
Answer:  We will supplement.
```

22.    For the past 10 years, identify all employees, agents, or persons of Jeff Wyler Fairfield, Inc. who have received disability payments.  And for each person, state:

    a)    Current position with Jeff Wyler Fairfield, Inc.:

    b)    If no longer employed at Jeff Wyler Fairfield, Inc., state when the employment ended, the reason for ending employment:

Answer:  We will supplement.

23.    Identify all customer complaints that were made against Hearns during his period of employment.

Answer:  We will supplement.

24.    Please identify all efforts taken to accommodate Hearns' physical disability prior to his termination.  Specifically identify the alternate positions that were offered to him, or the reason for not offering any alternate positions.

        Answer:  We will supplement.

25.    Identify all person in sales positions whose employment by the company was terminated during the period of June of 1996 through Hearns' date of termination, and specify all reasons for each such termination.

        Answer:  We will supplement.

26.    State whether or not Jeff Wyler Fairfield, Inc. contends that Hearns' job performance was deficient as of the date of his termination, and if so, describe each deficiency.

        Answer:  We will supplement.

## IV.    REQUESTS FOR PRODUCTION

Defendant Jeff Wyler Fairfield, Inc. shall produce all responsive documents to the offices of Bryan R. Perkins, Attorney at Law, 119 East Court Street, Suite 314, Cincinnati, Ohio 45202 within 28 days.

1.    Please produce for copying and inspection all documents identified or referred to in your answers to the above Interrogatories.

2.    Please produce, in its entirety, the personnel files of any person identified in your Answers to the above Interrogatories.

3.    Please produce, in its entirety,  the personnel files of Jeffrey L. Wyler, Steve Baxla, Tony Gomez, Margaret Ingram, Chuck Adomitis, Cary Wallach, Duncan Riddle, Bill Adkins, and James Hearns.

4.    Please produce, in its entirety, all company policies, procedures, and employee handbooks, that were in effect during Hearns' period of employment.

5.    Please produce any and all documents, reports, photographs, exhibits, tape recordings, or any other tangible object you intend to or may introduce or use at any court hearing, motion, or trial of this matter.

6.    Please produce the sales records of all employees, including James Hearns, since June of 1996 to current date.

7.    Please produce all payroll, bonus, disability, and any other benefit

records for James Hearns from June 1996 to current date.

8.    Please produce federal and state tax records, profit statements, income statements, and balance sheets, for Jeff Wyler Fairfield, Inc. for the past 5 years.

9.    Please produce all documents and disclosures made to federal, state or local agencies and to the company's accountants and underwriters since June 1996 referring or relating to any claim of racial discrimination, sexual harassment, sexual discrimination, violations of the Americans with Disability Act or similar law made by any employee in connection with their employment.

10.    Please produce all other documents referring or relating to the subject matter of this action which have been furnished to or reviewed by the company's attorneys in connection with their defense of this action, except for documents protected by a recognized privilege of non-production.

11.    Produce a list of all documents which are being withheld from production by virtue of any privilege of non-production of for any other reasons. (This list should identify each document by its name, date, author, and recipient and specify the reason for withholding it from production.)

12.    Produce all documents referring or relating to the subject matter of this action that Jeff Wyler Fairfield, Inc. has submitted to its parent or affiliated corporations during the period of June of 1996 to present.

13.    Produce all documents and correspondence referring to Hearns generated by any of the company's managerial employees with supervisory authority over Hearns from June of 1996 to present.

## V.    REQUESTS FOR ADMISSIONS

Defendant Jeff Wyler Fairfield, Inc. shall respond to these Requests for Admissions no later than twenty-eight (28) days after service hereof.

1.    Admit that Jeff Wyler Fairfield, Inc. was aware that Hearns had filed a complaint with the EEOC before it terminated his employment.

    Admit

2.    Admit that Jeff Wyler Fairfield, Inc. terminated Hearns in retaliation for his filing of a complaint with the EEOC.

    Denied

3.    Admit the Jeff Wyler Fairfield, Inc. terminated Hearns in retaliation for his filing of a Worker's Compensation claim.

    Denied

4.    Admit that Jeff Wyler Fairfield, Inc. took disciplinary action against Hearns for failing to attend a meeting on or about October 6, 2001, even though he had a medical excuse from his physician for not attending the meeting.

    Denied

5.    Admit that Jeff Wyler Fairfield, Inc. made no effort to make a reasonable accommodation for Hearns' physical disability.

    Denied.


                                        Respectfully Submitted,



                                        _____
                                        Bryan R. Perkins (0061871)
                                        Attorney for Plaintiff
                                        119 E. Court Street
                                        Suite 314
                                        Cincinnati, Ohio 45202
                                        (513) 632-5335



## CERTIFICATE OF SERVICE

    I certify that a true and accurate copy of the foregoing set of Interrogatories, Requests for Production of Documents and Requests for Admissions, were served upon Donald W. White, Esq., Attorney for Defendants, 237 Main Street, Batavia, Ohio 45103, by certified mail on this 30th day of January, 2003.



                                        _____
                                        Bryan R. Perkins

I hereby certify that the preceding Answers are true to the best of my knowledge.

_Steve Baxla_
Steve Baxla

Sworn to before me and subscribed in my presence this _15_ day of April, 2003.

_Jane E. Elliott_
Notary Public

JANE E. ELLIOTT
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES
Sept. 15, 2004

# Exhibit B

**BRYAN R. PERKINS**
ATTORNEY AND COUNSELOR AT LAW

119 EAST COURT STREET
SUITE 314
CINCINNATI, OHIO 45202

TELEPHONE (513) 632-5335
FAX (513) 721-5824
BPERKINS@COURTSTREETEAST.COM

June 23, 2004

Donald W. White, Esq.
Nichols, Speidel & Nichols
237 Main Street
Batavia, Ohio 45103

COPY

Re:    *Hearns v. Wyler*
       Case No. C-1-02-496

Dear Mr. White,

I have heard no response to my client's settlement offer that was submitted to you on May 6, 2004.  Therefore, I assume your client has no interest in trying to resolve this matter outside of trial.

In order to properly prepare for trial, we must resolve all outstanding discovery issues. To do so, I need the following:

     1)     Answers and responses to interrogatories # 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26.  You previously indicated that these interrogatories would be supplemented. But I have yet to receive any responses.  We reserve the right to submit additional discovery requests depending upon your client's answers to these still unanswered discovery requests.

     2)     While I believe this request is encompassed in Interrogatory # 16, please consider this a specific request to receive a complete copy of all statements, notes, reports, conclusions, recommendations, etc. of the "independent" investigation of Mr. Hearns' complaints by Mr. Felix Gora.  I noticed that report was not in Mr. Hearns' personnel file, even though it seems that logically a copy would have been kept in his file.

Please let me know if it is your client intends to complete these outstanding discovery requests.  If I receive no response within the next 30 days, I will assume your client has no intention of responding to the discovery requested.  This will leave me no choice but to file a Motion to Compel with the trial court.

Thank you for your attention to this attention. I look forward to hearing from you soon.

Sincerely,

Bryan R. Perkins
Attorney at Law

# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES R. HEARNS, JR.                    :        Case No. C-1-02-496

        Plaintiff,                         :        (J. Dlott)

  vs.                                      :

JEFF WYLER FAIRFIELD, INC., et al.,     :

        Defendants.                        :
                                    :

---

## AFFIDAVIT OF BRYAN R. PERKINS

---

STATE OF OHIO            )
                         )SS
HAMILTON COUNTY          )

      Now comes affiant, and after being duly sworn and cautioned, states as follows:

      1.    I am Bryan R. Perkins (Ohio Supreme Court # 0061871), an attorney licensed to practice law in the State of Ohio and in the Southern District Federal Court.

      2.    In the above captioned case, I am the attorney of record from Plaintiff, James Hearns, Jr.

3.     I filed the complaint in this matter on behalf of James Hearns, Jr., on July 8, 2002.

4.     On January 30, 2003, I served Hearns' First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission on Wyler's attorney.  (See Exhibit A)

5.     On June 23, 2004, I sent a letter to Wyler's attorney attempting to obtain answers to Hearns' outstanding interrogatories.  (See Exhibit B) In that letter I indicated that if I did not receives responses within 30 days I would have no alternative but to file a Motion to Compel with this Court.

6.     As of the date of this affidavit, I have not received any response from Wyler.

7.     Answers to the requested interrogatories are critical for me to adequately complete discovery, and determine what other discovery devices I must employ.  I cannot properly prepare this case for trial until I obtain these discovery responses.

8.     I spent three (3) hours of my time attempting to resolve the outstanding discovery issues.  I bill at any hourly rate of $ 150.00 per hour.

FURTHER AFFIANT SAYETH NAUGHT.


_____
Bryan R. Perkins

## ACKNOWLEDGMENT

Sworn to and subscribed in my presence ~~no~~ on this 12th day of August 2004.


_____
Notary Public



BRUCE K. GILSTER, Attorney at Law
NOTARY PUBLIC - STATE OF OHIO
My Commission has no expiration
date. Section 147.03 O.R.C.