### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| JAMES R. HEARNS, JR., | : | Case No.    C-1-02 496 |
| | : | |
| Plaintiff, | : | (Judge William O. Bertelsman) |
| | : | |
| vs. | : | |
| | : | |
| JEFF WYLER FAIRFIELD, INC., | : | |
| et. al., | : | |
| Defendants. | : | |
| | : | |

_____

### PROPOSED JURY INSTRUCTIONS OF PLAINTIFF JAMES HEARNS
_____

Now comes Plaintiff, James Hearns, Jr., and hereby submits the

following proposed jury instructions to this Court:

**Function of the Court, the Jury and Counsel.**

**Juror Attentiveness**    (4-71 Modern Federal Jury Instructions-Civil 71-1)

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct
you on the law.  You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your
duty to listen carefully and observe each witness who testified.  Your interest never flagged, and
you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

**Role of the Court**    (4-71 Modern Federal Jury Instructions-Civil 71-2)

You have heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violate your sworn duty to base a verdict upon any other view of law than that which I give you.

**Role of the Jury**   (4-71 Modern Federal Jury Instructions-Civil71-3)

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors.  In order for you to determine the facts, you must rely upon your won recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence.  Nor is what I may have said – or what I may say in these instructions – about a fact issue evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matter and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other

witnesses.  You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice to any party.

**Juror Oath**   (4-71 Modern Federal Jury Instructions-Civil 71-4)

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict.

**Conduct of Counsel**  (4-71 Modern Federal Jury Instructions-Civil 71-6)

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by me, the court.  You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence.  You are to sole judges of the credibility of all witnesses and the weight and effect of all evidence.

**Improper Considerations**  (4-71 Modern Federal Jury Instructions-Civil 71-9)

Your verdict must be based solely upon the evidence developed at this trial, or lack of evidence.

It would be improper for you to consider any personal feelings you might have about one of the parties' race, religion, national origin, sex or age.  It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendants to influence you in any way.

The parties in this case are entitled to a trial free from prejudice.  Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

**Corporate Parties**  (4-72 Modern Federal Jury Instructions-Civil 72-1)

In this case, one of the defendants is a corporation.  The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you.  All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration

as you would give any other individual party.

**Corporate Responsibility**   (4-72 Modern Federal Jury Instructions-Civil 71-2)

A corporation is a creation of state law and can act only through its agents – that is, its employees, officers or authorized representatives.  In order to find that the act of an agent was binding on the corporation you must find that the agent had authority to act in the manner in which he or she is alleged to have acted.

The authority may be express, apparent or inherent.  Express authority is created by the direct verbal or written giving of that authority by the corporation to its agent.  For example, express authority to perform certain duties may be part of an employee's contract.

Apparent authority, on the other hands, is the authority which a principal by reason of its acts and conduct leads a third person reasonably to believe that is agent possesses.  Apparent authority can be created by appointing a person to a position, such as manager, treasurer or other, which position carried generally recognized duties.  In other words, apparent authority is based on a "holding out to the world" of the agent, in his particular position, by the corporation. To third parties who deal with this agent, knowing of his position, the agent has apparent authority to do all those things ordinarily done by someone in that position, regardless of any unknown limitations which are imposed on the particular agent.  In such circumstances, the corporation is bound to third parties, who are unaware of any lack of authority to act on behalf of all the facts and circumstances of the particular case, then the corporation is responsible for such acts of its agent as if the corporation itself committed the acts.

There are also situations in which n agent has inherent authority to bind the corporation even where the corporation has not granted the employee wither the express or apparent authority to act on its behalf.  This inherent authority may exist, provided the acts in questions are within the scope of his employment, even though the acts may be criminal or tortuous.  An act is within the scope of employment if it is sufficiently related to the kind the employee was employed to perform, if it was done substantially within the time and space limits of the job, and was actuated, at least in part, by a purpose to serve the corporation.

Therefore, if you find that the agent acted with express, apparent, or inherent authority to bind the corporation, you may find that the corporation was responsible for his conduct.

(Restatement [Second] of Agency, § 8A at 37)

Corporations depend for their existence upon agency principle.  It is inevitable that in doing their work, wither through negligence or any excess of zeal, agents will harm third persons or deal with them in unauthorized ways.  It would be unfair for an enterprise to have the benefit of the work of its agents without making is responsible to some extent for their excesses and failures to act carefully.

**Burden of Proof**   (4-73 Modern Federal Jury Instructions-Civil 73-1)

This is a civil case and as such the plaintiff has the burden of proving the material allegations of his complaint by a fair preponderance of the evidence.

If after considering all of the testimony you are satisfied that the plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff on his claims. If after consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain his burden and you must find for the defendant.

**Preponderance of the Evidence**   (4-73 Modern Federal Jury Instructions-Civil 73-2)

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you be a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true that not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence – he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

**Direct and Circumstantial Evidence** (4-74 Modern Federal Jury Instructions-Civil 74-2)

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses – something he has seen, felt, touched, or

heard.  Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.  There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet.  Then a few minutes later another person also entered with a wet umbrella.  Now you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

**Statements by Patient to Doctor**  (4-74 Modern Federal Jury Instructions-Civil 74-10)

You have heard the testimony of physicians, concerning statements made by the plaintiff, who was a patient, for the purpose of facilitating medical diagnosis or treatment.  These statements included descriptions of the patient's medical history and symptom and the general cause of his illness.  You may consider these statements as evidence of the facts stated.  It is up to you, the jury, to decide what weight, if any, to give these statements, just as you would any other evidence.

**Inferences**  (4-75 Modern Federal Jury Instructions-Civil 75-1)

During the trial you have heard the attorney use the term "inference," and in their arguments they asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be draw from facts, whether proved by direct or circumstantial evidence.  The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another.  It is you, and you alone, to decide what inferences you will

draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury are permitted to draw – but not required to draw – from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

**Witness Credibility**   (4-76 Modern Federal Jury Instructions-Civil 76-1)

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both side.

How do you determine where the truth lies?  You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his demeanor – that is, his carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other word, what you must try to do in deciding credibility is to size a witness up in light of his demeanor, the explanation given and all of the other evidence in this case.  Always remember that you should use your common sense, your good judgment and your own life experience.

**Bias**   (4-76 Modern Federal Jury Instructions-Civil 76-2)

In deciding whether to believe a witness, you should specifically notes any evidence of hostility or affection which the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in

cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that such a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

## Count One:  Racial Discrimination - Federal

**Prima Facie Case in Title VII Discrimination Cases**   (5-88 Modern Federal Jury Instructions-Civil 88-42)

Plaintiff basis his lawsuit on Title VII of the Civil Rights Act of 1964.  The Act provides that it shall be an unlawful employment practice for an employer –

(1) to fail or refuse to fire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicant for employment in any way that would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

An unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice.  A "motivating factor" is a factor that played a part in defendant's employment practice decision.

You must find for plaintiff on his employment discrimination claim if both the following elements are proved by a preponderance of the evidence:

First, that defendant discharged or otherwise discriminated against the plaintiff; and,

Second, that plaintiff's race, color, religion, sex or national origin was a motivating factor in defendant's decision.

You must find for the defendant is either of these elements has not been proved.

**Mixed Motive**   (5-88 Modern Federal Jury Instructions-Civil 88-43)

You have heard evidence that the defendant's treatment of the plaintiff was motivated by plaintiff's race, color, religion, sex or national origin and also by other lawful reasons.  If you find that plaintiff's race, color, religion, sex, or national origin was a motivating factor in the defendant's treatment of the plaintiff, the plaintiff is entitled to your verdict, even if you find

that the defendant's conduct was also motivated by a lawful reason.

However, if you find that the defendant's treatment of the plaintiff was motivated by both unlawful and lawful reasons, you must decide whether the plaintiff is entitled to damages. The plaintiff is entitled to damages unless the defendant proves by a preponderance of the evidence that the defendant would have treated plaintiff similarly even if plaintiff's race, color, religion, sex, or national origin had played no role in the employment decision.

**Wrongful Termination Under Title VII**   (5-88 Modern Federal Jury Instructions-Civil 88-44)

In order to establish a prima facie case under Title VII for wrongful termination, the plaintiff must demonstrate by a preponderance of the evidence that

(i) he belongs to a protected class;
(ii) he  was qualified and satisfactorily performing his job; and
(iii) he was terminated under circumstances giving rise to an inference of discrimination.

**Retaliation**  (5-88 Modern Federal Jury Instructions-Civil 88-46)

To establish a prima facie case of retaliation under Title VII, a plaintiff must show the following:

(i) protected opposition to discrimination;
(ii) adverse action by an employer contemporaneous with or subsequent to the
     employee's protected activity; and
(iii) a causal connection between such activity and the employer's actions.

If a prima facie case is established, the burden shifts and the defendant must articulate a legitimate, nondiscriminatory reason for the  adverse action.  Once the defendant has dispelled the inference of retaliation by establishing a legitimate, nondiscriminatory reason, the plaintiff may still prevail if the plaintiff demonstrates the articulated reason was a mere pretext for discrimination.

**Count Two:  Racial Discrimination – State**

**General**  (2-266 OJI 266.01)

The employee claims that the employer discriminated against him because of his race.

The employer claims that the challenged conduct was not because of the employee's race, but because of the employee's unsatisfactory job performance.

**Disparate Treatment**  (2-266 OJI 266.03)

The employee must prove by the greater weight of the evidence that race was a determining factor in the disparate treatment of the employee as opposed to similarly situated white employees.

"Determining factor" means that the employee's race made a difference in the manner in which the employee was treated. There may be more than one reason for the employer's disparate treatment of plaintiff.  The plaintiff need not prove that race was the only reason.  It is not a determining factor if the employee would have been treated disparately regardless of his race.

## Count Three:  Americans With Disabilities Act

**The Statute**   (5-88A Modern Federal Jury Instructions-Civil 88A-1)

The claim before you is based on 42 U.S.C. 12101, which is also known as the Americans with Disabilities Act or the ADA.  This statute provides in part that:

No covered entity shall discriminate against a qualified individual with a disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment.

**Purpose of the Statute**  (5-88A Modern Federal Jury Instructions-Civil 88A-2)

The purpose of the Americans with Disabilities Act is to provide a clear and comprehensive national policy to eliminate discrimination in the workplace against individuals with disabilities.

**Elements of the Claim**   (5-88A Modern Federal Jury Instructions-Civil 88A-3)

Under the Americans with Disabilities Act, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

First, that the plaintiff has a disability, as I will define that term for you;

Second, that the plaintiff is a qualified individual, as I will define that term for you;

Third, that the defendant discriminated against plaintiff because of that disability; and

Fourth, that the plaintiff suffered damages as a direct result of that discrimination.

**Employer-Employee Relationship**  (5-88A Modern Federal Jury Instructions-Civil 88A-4)

Before addressing the first element of the claim, you must first determine whether the plaintiff has proven by a preponderance of the evidence that plaintiff is an employee of the defendant.

**First Element – Plaintiff has a Disability**   (5-88A Modern Federal Jury Instructions-Civil 88A-6)

The first element of a claim under the Americans with Disabilities Act is that the plaintiff must have a disability.  A "disability" is  defined by the ADA as a mental or physical impairment that substantially limits one of the major activities of life.  I shall now define those terms for you.

An impairment is:

(1) Any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory, speech, cardiovascular, reproductive, digestive, urinary, blood and circulation, lymphatic or endocrine glands, or skin.

(2) Any mental or physiological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities.

**Major Life Activity**  (5-88A Modern Federal Jury Instructions-Civil 88A-7)

If you find that the plaintiff has an impairment, then you must determine whether that impairment substantially limits a major life activity.  "Major life activities" are the normal activities of living, such as caring for oneself, performing manual talks, walking, seeing, hearing, speaking, breathing, learning, reproducing and working.

**Substantially Limits**   (5-88A Modern Federal Jury Instructions-Civil 88A-8)

In order to satisfy this element of the claim, the plaintiff must prove by a preponderance of the evidence that as a result of the plaintiff's impairment, he was substantially limited in the ability to perform a major life activity.  The term "substantially limited" means either the plaintiff was unable to perform that major life activity, or that he was significantly restricted as to the condition, manner, or duration under which the plaintiff could perform that major life activity as compared to an average individual.

In determining whether the plaintiff was substantially limited in the ability to perform a major life activity, you may take into consideration the following factors:

(1) the nature and severity of the impairment;

(2) the duration or expected duration of the impairment; and

(3) the permanent or long-term impact, or the expected or long-term impact, of or resulting from the impairment.

An impairment need not be permanent in order to substantially limited a major life activity, as long as it is a long-term impairment.  For these purposes, long-term is defined as indefinite or unknowable in duration, and expected to last at least several months.

A temporary, non-chronic impairment of short duration with little or no long-term impact does not qualify as an impairment which substantially limits a major life activity.  For example, a broken leg or the need to recuperate for several weeks after surgery are not substantial limitation on a major life activity.

**Working as a Major Life Activity**  (5-88A Modern Federal Jury Instructions-Civil 88A-9)

In this case, the plaintiff has presented evidence that he was substantially limited in the major life activity of working.  To prove this, the plaintiff must prove by a preponderance of the evidence that the plaintiff had a significant restriction in the ability to perform a class of jobs or a broad range of jobs in various classes.  The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

A "class of jobs" is defined as those jobs utilizing similar training, knowledge, skills or abilities within the geographical area where the plaintiff lives and works.  For example, the class of jobs for airplane pilots is all commercial pilot and co-pilot positions, including flying cargo or courier planes, and is not limited to piloting large commercial passenger jets.

In determining whether the plaintiff was substantially limited in the ability to perform the major life activity of working, you may take into consideration the factors I have mentioned before, that is, the nature and severity of the impairment; the duration or expected duration of the impairment; and the permanent or long-term impact, or the expected permanent or long-term impact, of or resulting from the impairment.  In addition, you make take into consideration the following factors:

(1) the plaintiff's expertise, background, and job expectations;

(2) the geographical area to which the plaintiff has access;

(3) the job from which the plaintiff has been disqualified because of impairment, and the number and types of jobs in that class of jobs, or in a broad range of jobs in various classes from which the plaintiff is also disqualified because of the impairment.

**Plaintiff Has a Record of an Impairment**    (5-88A Modern Federal Jury Instructions-Civil 88A-10)

Even if plaintiff does not have an impairment which substantially limits a major life activity, he may still satisfy the first element of plaintiff's claim if the plaintiff has a record of such impairment.  This requires the plaintiff to prove by a preponderance of the evidence that he

has a history a mental or physical impairment that substantially limits one or more major life activities.  In other words, the plaintiff must prove that at some time in the past, he had an impairment which substantially limited the plaintiff's ability to perform a major life activity as I defined those terms for you.


**Plaintiff is Regarded as Having an Impairment**    (5-88A Modern Federal Jury Instructions-Civil 88A-11)

Even if plaintiff does not have an impairment which substantially limits a major life activity, he may still satisfy the first element of plaintiff's claim if he is regarded by the defendant as having such an impairment.

To establish that he is regarded as having a substantially limiting impairment, the plaintiff must establish by a preponderance of the evidence  that:

(1) the plaintiff has an impairment that does not substantially limit a major life activity but was perceived by the defendant as having such an impairment.

(2) the plaintiff has an impairment which is substantially limiting only because of the attitudes of other towards the impairment; or

(3) the plaintiff has no impairment at all but is regarded by the defendant as having a substantially limiting impairment.


**Second Element – Qualified Individual**   (5-88A Modern Federal Jury Instructions-Civil 88A-12)

The second element of a claim under the American with Disabilities Act is that the plaintiff is a "qualified individual."

To satisfy this element, the plaintiff must prove two things by a preponderance of the evidence:  First that he is otherwise qualified for the position that plaintiff held, and, second that, with or without reasonable accommodation, the plaintiff can perform the essential functions of that employment position.  I will now define those terms for you.

**Plaintiff is Otherwise Qualified**  (5-88A Modern Federal Jury Instructions-Civil 88A-13)

As I just stated, to establish that he is a qualified individual, the first thing the plaintiff must prove is that he is otherwise qualified for the position.  This means that the plaintiff has the requisite skill, experience, education, and other job-related requirements of the employment position involved in this case.  If he cannot satisfy this standard, then the plaintiff is not a qualified individual, even if the reason he does not satisfy the standard is solely as a result of the disability.

**Essential Functions of the Position** ((5-88A Modern Federal Jury Instructions-Civil 88A-15)

If you find that the plaintiff was otherwise qualified for the position, then the next step is to determine whether he has proven by a preponderance of the evidence that he was able to perform the essential functions of the employment position with or without reasonable accommodation.

In order to make this determination, you will need to determine what were the essential functions of the employment position is questions. The "essential functions of an employment position" are the basic, fundamental duties of a job that a person must be able to perform in order to hold a particular position. Essential functions do not include marginal job duties of the position.

A job function may be considered essential for any of several reasons. These include, but are not limited to, the following.

1. the reason the position exists is to perform that function;

2. there are limited number of employees available among whom the performance of that job function can be distributed; and

3. the job function is highly specialized and the person in that position is hired for his expertise or ability to perform that particular job function.

In determining whether or not a particular job function is essential, you may, along with all of the evidence which has been presented to you, consider the following factors:

1. the employer's judgment as to which functions of the job are essential;

2. written job descriptions prepared by the employer for advertising or posting the position;

3. the amount of time spent performing the function;

4. the consequences of not requiring the person holding the position to perform the function;

5. the terms of any collective bargaining agreement;

6. the work experience of past employees who have held the position; and

7. the work experience of current employee who hold similar positions.

The plaintiff must have been able to perform all of the essential functions of the position with or without reasonable accommodation, as I will define that term for you, at the time of his termination. An employer may not base an employment decision on speculation that the

plaintiff's disability might worsen to the extent that the plaintiff would not be a qualified individual at some time in the future.  On the other hand, an employer is not required to speculate that an employee's condition will improve if that employee is not able to fulfill all of the essential functions of the position at the time in question.

**Reasonable Accommodation**  (5-88A Modern Federal Jury Instructions-Civil 88A-16)

As I stated the plaintiff must demonstrate by a preponderance of the evidence that he was able to perform the essential functions of the employment position with or without reasonable accommodation.

If you find that plaintiff was otherwise qualified, as I explained that term to you, and you also find that the plaintiff was able to fulfill all of the essential functions of the job without any accommodation at the time of the adverse job action, then he is a qualified individual. However, if you find that plaintiff was otherwise qualified, but was not able to fulfill all of the essential functions of the job without accommodation, then you must consider whether there were reasonable accommodations which the defendant could have made which would have enabled the plaintiff to fulfill the essential functions her could not otherwise fulfill.

Under the ADA, an employer must be willing to consider making certain changes, or accommodations, in its ordinary work rules, facilities, or the terms and conditions of employment in order to enable a disabled individual to work. A reasonable accommodation is a change which presently or in the future will enable a disabled employee to perform the essential functions of the job.

A reasonable accommodation must be reasonable both in terms of cost and efficiency. Thus, you may consider the financial and administrative burden which would be placed on the employer is required to make a particular accommodation.  You may also consider the impact of an accommodation on other employees or one a valid collective bargaining agreement in determining whether a particular accommodation was reasonable.

An employer is not required to eliminate or alter essential functions of the position as a reasonable accommodation.  Thus, the employer is not required to reallocate essential job duties to other employees, or to reduce the productivity standard to accommodate the plaintiff.

A disabled employee has the obligation to suggest reasonable accommodations to the employer.  An employer is not required to grant every request by an employee; it is required to make only those reasonable accommodations which allow the employee to function in the position.  An employee may not require an employer to accept a particular accommodation if another one will accomplish the necessary result.

An employee may not reject a reasonable accommodation which would have allowed the employee to fulfill all of the essential functions of the position.  If you find that the plaintiff rejected such a reasonable accommodation, then he is not a qualified individual as I have defined that term for you.

The ADA encourages employers and disabled employees to enter into a so-called interactive dialogue to determine what reasonable accommodations will be made. In this case, there has been evidence that the defendant refused to engage in this process. I charge you that you may consider the unreasonable failure to engage in the interactive dialogue as evidence of the lack of good faith of that party in the process, but you may not base your decision solely on this failure. The questions remains whether there were reasonable accommodations which the defendant could have made.

Allowing an employee to go on indefinite leave is not a reasonable accommodation although an employer may be required to allow reasonable time for an employee to obtain medical care or treatment.

**Third Element – Discrimination**    (5-88A Modern Federal Jury Instructions-Civil 88A-20)

The third element of a claim under the Americans with Disabilities Act is that the defendant discriminated against plaintiff because of the disability.

To satisfy this element, the plaintiff must prove by a preponderance of the evidence that the defendant took an adverse employment action against plaintiff because of plaintiff's disability or that the disability was a motivating factor in the decision to take that adverse action or the defendant failed to make reasonable accommodation as required by the ADA.

As I stated the defendant must have acted because of plaintiff's disability or the disability was a motivating factor in the decision to take the adverse action. This means that the plaintiff's disability was a factor that made a difference in the decision to take this action. Thus, this element is not satisfied if you find that the defendant would have taken the same action in absence of plaintiff's disability.

In order for the disability to have been a motivating factor in the defendant's decision, the defendant must have know that the plaintiff had a disability. This means that the person who made the decision to take the adverse action knew that plaintiff had a disability.

An employer may not terminate an employee because of a disability, but may terminate the employee because the employee is unable to do the job, even if the reason the employee cannot do his job is because of a disability. An employer may also terminate an employee for unacceptable behavior in the workplace, even if that behavior was of result of the employee's disability.

(5-88A Modern Federal Jury Instructions-Civil 88A-20)

**Adverse Employment Action**.   (5-88 Modern Federal Jury Instructions-Civil 88A-21)

An adverse employment action is one that a reasonable person would regard as having a materially significant negative effect on the terms or conditions of employment. Whether the

action was adverse to the plaintiff is a questions for you to decide based on all the evidence presented.

**Indirect Evidence of Discrimination** (5-88 Modern Federal Jury Instructions-Civil 88A-22)

If the plaintiff cannot prove that the defendant intentionally discriminated against him because of the plaintiff's disability, the plaintiff may still fulfill his burden of proving this third element if the plaintiff establishes by a preponderance of the evidence that each of the following statements is true:

First, that the plaintiff has a disability and that he is a qualified individual as I defined those terms to you;

Second, that the defendant took an adverse employment action against the plaintiff knowing of the plaintiff's disability;

Third, that at the time of the adverse employment action, plaintiff was performing to defendant's reasonable expectations; and

Fourth, that the adverse employment actions occurred under circumstances indicating that it is more likely than not that the adverse action was a product of discrimination by the defendant.

If you find that the plaintiff has satisfied this burden, then the employer may rebut this claim of discrimination by proving by a preponderance of the evidence that it had a legitimate, non-discriminatory reason for the adverse action.

If you find that the employer has satisfied that burden then the plaintiff has the burden of proving by a preponderance of the evidence that the defendant's non-discriminatory reasons for taking the adverse action were a pretext and that discriminatory motives were the determining factor behind defendant's actions

## Count Four:  Disability Discrimination - State

**State Disability Discrimination**  (2-266 OJI 266.11)

The plaintiff claims that the defendant discriminated against him because he has a disability.  The employer denied that it discriminated against the plaintiff because of the claimed disability.

Before you can find for the employee, you must find by the greater weight of the evidence that:

> a.    The plaintiff has, has a record of, or is regarded as having a physical or mental impairment that substantially limits one or more major life activities;

and

b.      The employee was qualified for the position because he satisfies the skill, experience, education and other job-related requirements for that position; and

c.      The employee can perform the essential functions of the position with reasonable accommodation; and,

d.      The employee's disability was a determining factor in the employer's adverse employment decision.

## Count Five:  Sexual Harassment - Federal

**Hostile Work Environment Sexual Harassment**   (5-88 Modern Federal Jury Instructions-Civil 88-45)

In order for a plaintiff to maintain a Title VII claim based on hostile work environment sexual harassment, the plaintiff must prove the following by a preponderance of the evidence:

(i) that plaintiff was a member of a protected class;

(ii) that plaintiff was subject to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors or other verbal or physical conduct of a sexual nature;

(iii) the harassment complained of was based on sex;

(iv) the charged sexual harassment had the effect of unreasonably interfering with plaintiff's work performance and creating an intimidating, hostile or offensive work environment; and

(v) the employer has responsibility for the acts of sexual harassment in the workplace to which the plaintiff was subjected.

## Count Six:  Sexual Harassment  - State

**Hostile Work Environment**  ( 2-266 OJI 266.19)

The plaintiff claims that he has been subjected to a hostile work environment because of sexual harassment.  To establish a claim of hostile work environment because of sexual harassment, the plaintiff must prove by the greater weight of the evidence that he was sexually harassed and that the sexual harassment to so severe that it permeated the work environment and altered the conditions of the employee's employment.

"Sexual harassment" means unwelcome sexual advances, unwelcome requests for sexual favors, or other unwelcome verbal or physical conduct of a sexual nature.

An employer may be liable for failing to take corrective action against as co-employee who created a hostile work environment for the employee. You shall find the employer liable if you find by the greater weight of the evidence that the plaintiff has been subjected to hostile work environment sexual harassment and,

    (a) the co-employee has a past history of sexually harassing behavior about which the employer knew of should have known and the employer failed to take prompt or effective remedial action; or,

    (b) the employer knew or should have known about the harassment against the employee and the employer failed to take prompt or effective remedial action.

## Count Seven:  Workers Compensation Retaliation

This claims is based on Ohio Revised Code 4123.90 which prohibits an employer from retaliating against an employee who filed a workers compensation claim.

Plaintiff must show by a preponderance of the evidence that defendant discharged, demoted, reassigned, or took any punitive action against an employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer.

## Damages

**General Comments**  (4-77 Modern Federal Jury Instructions-Civil 77-1)
.

If the plaintiff has proven by a preponderance of the credible evidence that defendant is liable on the plaintiff's claim, then you must determine the damages to which the plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

I have two more cautionary instructions before I define the types of damages you may award, if you find that the plaintiff has proved liability according to the standards I have enumerated.

First, you should not award compensatory damages more than once for the same injury. For example, if a plaintiff were to prevail on two claims and established a one dollar injury, you

could not award him one dollar compensatory damages on each claim – he is only entitled to be made whole again, not to recover more than he lost. Of course, if different injuries are attributed to the separate claims, them you must compensate him fully for all the injuries.

With respect to punitive damages, you may make separate awards on each claim that is established.

Second, you must be careful t impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim.  Although there are numerous defendants in this case, it does not follow that if one is liable, all or any one of the others are liable as well.  Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendants.  If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.

Nevertheless, you might find that more than one defendant is liable for a particular injury. If two or more persons unite in an intentional act that violates another person's right, then all of those persons are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable.  Thus, if you find that the defendants who you find to be liable acted jointly, then you may treat them jointly for purposes of ongoing damages.  If you decide that two or more of the defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages.

**Compensatory Damages**   (4-77 Modern Federal Jury Instructions-Civil 77-3, 77-4)

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendant's violation of the plaintiff's rights.  If you find the defendant is liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to compensate him for any injury caused by the defendant's conduct.

These are known as "compensatory damages."  Compensatory damages seek to make the plaintiff whole – that is, to compensate him for the damage suffered.  Furthermore, compensatory damages are not limited merely to the expenses that plaintiff may have borne.  A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he suffered because of defendant's conduct.

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct.  The damages that you award must be fair and reasonable, neither inadequate nor excessive.  You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he is reasonable likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require the plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

a.  damages accrued:

A prevailing plaintiff is entitled to recover an amount that will fairly and adequately compensate him for any damages sustained to date.

b.  calculation of future damages:

If you find that plaintiff is reasonably certain to suffer damages in the future from his injuries then you should award plaintiff such amount as you believe would reasonably compensate plaintiff for such future damages.

c.  reduction of future damages to present value:

If you should find that the plaintiff is entitled to a verdict which is based in part on future damages, including future earnings or future pain and suffering, then it becomes the duty of the jury to ascertain the present worth in dollars of such future damages, since the award of future damages necessarily requires that payment be made now for a loss that will actually not be sustained until some future date.

Under these circumstances, the result is that the plaintiff will, in effect, be reimbursed in advance of the loss and will have the use of money which he would have not received until a future date but for the verdict.

In order to make a reasonable adjustment for the present use, interest-free, of money representing a lump sum payment of anticipated future loss, the law requires that the jury discount or reduce its present worth the amount of the anticipated future loss by taking, one, the interest rate or return which the plaintiff would reasonably expect to receive on the investment of a lump sum payment together with two, the period of time over which the future loss whatever that amount would reasonably be certain to earn or return if invested at such a rate of interest over such a future period of time.

Then you should include in your verdict an award for only the present worth, the reduced amount of the total anticipated future loss.

It is not as difficult as it may seem.  For example, applying your common sense once again, let us say that a person offered you $ 100 a year for ten successive years, and that amounts to $ 1,000, 100 times 10.  Now, ask yourselves, what would be the reasonable amount for you to demand and for you to expect  him to pay you today that represents the present value of that commitment on his part to pay you $ 100 a year for ten consecutive years.  To compute that figure you would want to know what the interest rate was on the amount that you would be receiving, and how may years you would be collecting that interest.  You would make a determination thereby of the present value of the future loss; and this instruction relates to those items of damages that relate to future loss, not to those items which relate to loss which has already occurred

Regarding calculating the present value of future wages, you may apply one of two alternative methods.  The first method expressly addresses the probable effect of inflation on both future wages and interest rates.  Applying this method, you should consider the effect that both inflation and non-related inflation factors, such as increases in productivity and seniority, would have on the plaintiff's future income.  Bear in mind that the plaintiff has the burden of proving the likelihood of increased wages stemming from increased productivity.  Once the future wages are determined, they should then be discounted by a rate of interest not less than that being currently paid by banks on savings deposits.

The second method, which you may prefer due to its ease of application, determines present value by considering a world in which neither wages nor interest rates would be effected by inflation.  Applying this alternative method, you should first determine plaintiff's future income by considering only those increases in wages which the plaintiff has convinced you that he would have received in the absence of inflation, that is, raises due to increased skill, seniority, and similar factors.  Such wages should then be discounted by a rate of interest that would prevail in a world without inflation.  Although experts disagree on the subject, the court feels it is wise to advise you that historical real interest rates have hovered between 1 and 3 percent.  In determining the particular interest rate to apply, however, you are to consider all evidence which suggests that the discount rate will be other than this 1 to 3 percent figure.

d.  treatment of taxes

If you arrive at a verdict in favor of the plaintiff, you may not add any sum of money to the verdict for federal or state income taxes, as the sum recovered by plaintiff is not subject to tax.

## Punitive Damages    (4-77 Modern Federal Jury Instructions-Civil 77-5)

If you should find that the defendant is liable for the plaintiff's injuries, then you have the discretion to award, in addition to compensatory damages, punitive damages.  You may award punitive damages if the plaintiff proves that the defendant's conduct was malicious and

reckless, not merely unreasonable.  An act is malicious and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others.  The purposes of punitive damages is to punish a defendant for shocking conduct and to set an example in order to deter him or her and others from committing similar acts in the future.  Punitive damages are intended to protect the community and to be an expression of the jury's indignation at the misconduct.

The awarding of punitive damages is within your discretion – you are not required to award them.  Punitive damages are appropriate only for especially shocking and offensive conduct.  If you decide to award punitive damages, you must use sound reason in setting the amount – it must not reflect bias, prejudice, or sympathy toward any party.  But the amount may be as large as you believe necessary to fulfill the purpose of punitive damages.  In this regard, you may consider the financial resources of the defendant in fixing the amount of punitive damages.  And you may impose punitive damages against one or more of the defendants, and not others, or against more than one defendant in different amounts.

**Concluding Remarks**   (4-78 Modern Federal Jury Instructions-Civil 78-1,78-3)

You are about to go into the jury room and begin your deliberations.  If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room.  If you want any of the testimony read, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony – in fact any communication with the court – should be made in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

You will now retire to decide the case.  In order to prevail, the plaintiff must sustain his burden of proof as I have explained to you with respect to each element of the complaint.  If you find that the plaintiff has succeeded, you should return a verdict in his favor on the claim.  If you find that the plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against the plaintiff.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you in open court.

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that you should be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open and officially recorded, it cannot ordinarily be revoked.

Respectfully Submitted,


/s/ Bryan R. Perkins
_____
Bryan R. Perkins (0061871)
Attorney for Plaintiff
119 East Court Street
Suite 314
Cincinnati, Ohio 45202
(513) 632-5335


CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served upon Donald W. White, Esq., Nichols, Speidel & Nichols, 237 Main Street, Batavia, Ohio 45103, by ordinary U.S. mail on this 3rd day of December, 2004.


/s/ Bryan R. Perkins
_____
Bryan R. Perkins
Attorney at Law