UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES HEARNS, JR., | : | Case No.    1:02cv00496 |
| Plaintiff, | : | (Judge Bertelsman) |
| vs. | : | |
| | : | **PLAINTIFF JAMES HEARNS'** |
| JEFF WYLER FAIRFIELD, *et. al.*, | : | **MOTION *IN LIMINE*** |
| Defendants. | : | |

Now comes Plaintiff, James Hearns, by and through his undersigned counsel and hereby submits the following Motion *In Limine* to this Court. For the reasons set forth herein, Hearns requests a pre-trial order prohibiting the Defendants from presenting any of the following evidence at trial: 1) Hearns' legal action regarding his past employment with Pepsi-Cola; and, 2) Hearns' employment application/resume submitted to Jeff Wyler.

1. Employment with Pepsi-Cola

During Hearns' deposition, the defense counsel questioned Hearns about any possible legal action against his former employer, Pepsi-Cola Bottling Company. Hearns submits that any questioning at trial on the topic of any legal action against Pepsi-Cola would be wholly improper. Hearns worked as a salesman at Pepsi-Cola from approximately 1968-1982. The only "legal action" taken by Hearns when he departed from Pepsi-Cola was the prosecution of a state Workers Compensation claim for injuries he sustained on-the-job.

Hearns' Workers Compensation claim, from over twenty-years ago, has no relevance to the issue of whether or not Jeff Wyler discriminated against Hearns because of his race.

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than without the evidence. Fed. Evid. R. 401. Because this evidence is not relevant to the issue at hand, it should be prohibited. See, Fed. Evid. R. 402.

Further, even if this Court were to find that such evidence had any relevance to this case, it should be prohibited because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. See, Fed. Evid. R. 403. The sole reason for the defendants wishing to present such evidence would be to attempt to portray Hearns as a litigious person with a penchant for litigating against his employers. This would simply be a back-door attempt to attack Hearns' character using an improper method.

2.  Hearns' Employment Application

In the defendants' motion for summary judgment, they raised the issue of alleged incorrect information contained in Hearns' application for employment at Jeff Wyler. Defendants should be prohibited from admitting any evidence related to Hearns' employment application and resume submitted to Jeff Wyler. Hearns submits the evidence is not relevant to the issues before this Court, and is again simply an attempt by the defendants to paint Hearns in an unfavorable light. See, Evid. R. 401, 402, 403.

This evidence should be prohibited for several reasons. First, the defendants have **never** alleged that Hearns was not qualified to work as a car salesman at Jeff Wyler. To the contrary, his exemplary sales records demonstrate he was well qualified to sell cars for Jeff Wyler. Second, there is no evidence that Jeff Wyler would not have hired Hearns but for the alleged misinformation in his application. If anything was misstated in Hearns' application it was not any actual work experience, but was only the compensation he reportedly received for his past

services. Such "puffery" is not relevant, and would only serve to disparage Hearns in the eyes of the jury. Third, evidence of any "other wrong" is inadmissible unless it meets one of the specifically delineated exceptions set forth in Fed. Evid. R. 404(b), none of which are present in this case. This evidence should be prohibited.

WHEREFORE, Plaintiff, James Hearns, moves this Honorable Court to issue a pre-trial order prohibiting defendants from: 1) questioning witnesses or presenting any evidence regarding Hearns' legal action against his former employer, Pepsi-Cola; and 2) admitting any evidence regarding Hearns' employment application and/or resume that were submitted to Jeff Wyler.

Respectfully Submitted,

/s/ Bryan R. Perkins

BRYAN R. PERKINS (0061871)
119 East Court Street
Suite 314
Cincinnati, Ohio 45202
(513) 632-5335

CERTIFICATE OF SERVICE

I certify that on February 27th, 2006, I electronically filed the foregoing document with the clerk of court using the CM/ECF system, which will send notification of such filing to Donald W. White, Esq., 237 Main Street, Batavia, Ohio 45103.

/s/ Bryan R. Perkins

Bryan R. Perkins (0061871)
Attorney at Law