UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES HEARNS, JR., | * | Case No. 1:02CV496 |
| Plaintiff, | * | Judge Bertlesman |
| vs. | * | |
| JEFF WYLER FAIRFIELD, INC., *et al.*, | * | **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE** |
| | * | |
| Defendants. | * | |

Plaintiff has moved the Court for an order prohibiting Defendants to make inquiries about Plaintiff's employment with the Pepsi-Cola Co. Or about the application he filled out in order to obtain employment with Defendant Jeff Wyler Fairfield, Inc. It is Plaintiff's position that neither his prior employment nor his employment application is relevant to his claim of race discrimination and/or retaliation.

**1. Plaintiff's motive**

It is Defendants' position that Plaintiff's employment with Pepsi Cola is relevant for two reason: first, that Plaintiff has testified that prior to his employment by Defendant Jeff Wyler Fairfield he had been living off the proceeds of a Workers Compensation settlement (see deposition of James Hearns, p. 26). Thus, the jury is entitled to consider Plaintiff's motive for filing the instant lawsuit. That is, the jury may consider whether Plaintiff was in fact damaged by race discrimination and/or retaliation, or whether he is seeking instead to obtain a monetary award, as he did from a prior employer, that enabled him to remain unemployed for over ten years. Fed.R.Evid. 404(b).

**2. Plaintiff's credibility**

In deposition, one of Plaintiff's witnesses has testified that Plaintiff told him that he (Plaintiff) obtained a settlement from Pepsi Cola for a claim of race discrimination. See deposition of Devirn Watford, p.35 ("he did have a lawsuit against Pepsi for – for that same thing [race discrimination].") This testimony regarding Plaintiff's relationship with Pepsi is intertwined with Plaintiff's deposition testimony regarding his employment application.

Indeed, Plaintiff's deposition testimony demonstrates that, contrary to his assertion in his Motion in Limine, Plaintiff did not engage in "puffery" with regard to his prior employment. Instead he testified that he created a history of gainful employment out of whole cloth. According to Plaintiff, from the time he left Pepsi in 1982 until he began working for Defendant in 1996, he had only one paying job, not the eight jobs listed on his application and resume. See deposition of James Hearns, p. 30.

It is Plaintiff's position that the jury should not be permitted to hear this information because it is irrelevant to the question of whether Plaintiff was qualified to sell cars. In this case, however, the question is not one of Plaintiff's qualifications but one of the credibility of his claims against his employer.

Pursuant to the Federal Rules of Evidence, specific instances of conduct may be the subject of inquiry to attack a witness's character for truthfulness. See Fed.R.Evid. 607, 608(b); *Hunter v. General Motor Corp.*, 149 Fed.Appx. 368, 373 (6th Cir. 2005)(in race discrimination trial judge did not abuse discretion by permitting defendant to question plaintiff about tax return where plaintiff had claimed no income on return but had received substantial salary; return reflected on plaintiff's truthfulness). In this matter, Plaintiff has claimed an extensive

employment background on his application but has since testified that his employment background is almost non-existent. In this matter, because Plaintiff is testifying about various incidents of race discrimination to which he was the only witness, the jury is entitled to consider his credibility when making its decision.

### 3. Plaintiff's claim for damages

In addition to the overall question of Plaintiff's credibility, the jury is entitled to information regarding Plaintiff's employment application to the extent that it may relate to his claim for damages. That is, even if Plaintiff had damaged by Defendants' conduct, where Defendants can demonstrate that they would not have hired him had they known about the falsified employment application, his damages are limited. *See McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 361-62 (1995) (explaining that, when an employer discovers an employee's wrongdoing after improperly terminating the employee on other grounds, "as a general rule ... neither reinstatement nor front pay is an appropriate remedy.... The beginning point in the ... formulation of a remedy should be calculation of backpay from the date of the unlawful discharge to the date [that] the new information was discovered").

### 4. Conclusion

To the extent that Plaintiff wishes to introduce himself to the jury as a person with a strong work ethic who has been damaged by Defendants' misconduct, Defendants are entitled to impeach Plaintiff on that issue. Further, to the extent that Defendants would not have hired Plaintiff had they known of his falsified application, Defendants are entitled to produce evidence of Plaintiff's misconduct to limit his damages.

Based on the foregoing, Defendants respectfully request this Court to deny Plaintiff's

3

Motion in Limine.

        Respectfully submitted,

        **s/ Donald W. White**

        Donald W. White, Bar No. 0005630
        Trial Counsel for Defendants
        Nichols, Speidel & Nichols
        237 Main Street
        Batavia, Ohio 45103
        (513) 732-1420

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2006, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to Bryan R. Perkins, attorney for plaintiff, 119 Court Street, Suite 314, Cincinnati, Ohio 45202.

        Respectfully submitted,

        **s/ Donald W. White**

        Donald W. White, Bar No. 0005630
        Trial Counsel for Defendants
        Nichols, Speidel & Nichols
        237 Main Street
        Batavia, Ohio 45103
        (513) 732-1420